```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
```

|                          |   |                              |
|--------------------------|---|------------------------------|
| UNITED STATES OF AMERICA | ) |                              |
|                          | ) |                              |
|             v.           | ) | CRIMINAL NO. 03-10054-PBS    |
|                          | ) |                              |
| ANDRE ELLIS,             | ) |                              |
|                          | ) |                              |
|       Defendant.         | ) |                              |

**MEMORANDUM AND ORDER**

March 31, 2009

Saris, U.S.D.J.

On April 3, 2006, the First Circuit remanded this case for resentencing in accordance with United States v. Booker, 543 U.S. 220 (2005). At the resentencing hearing on March 18, 2009, Defendant, who was sentenced under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), presented new issues not raised at the first sentencing or on appeal. As background, at the age of sixteen, defendant was adjudicated a delinquent when he admitted to facts sufficient as to the charge of assault and battery by means of a dangerous weapon, a handgun. He was committed to the custody of the Department of Youth Services ("DYS"), and was released at the age of eighteen. Defendant's primary contention is that Mass. Gen. Laws ch. 120, § 21 and 18 U.S.C. § 921, when read together, prevent defendant's juvenile adjudication from being used as a predicate conviction to enhance his sentence under 18 U.S.C. § 924(e) because the conviction was automatically set aside by operation of state law when he was discharged from his DYS commitment. This appears to raise a novel question of

law.

**1.  The Mandate Rule**

Because this case was remanded for resentencing in accordance with Booker, the so-called "mandate rule" applies. This rule provides that:

> [U]pon a resentencing occasioned by a remand, unless the court of appeals [has expressly directed otherwise], the district court may consider only such new arguments or new facts as are made newly relevant by the court of appeals' decision - whether by the reasoning or by the result.

United States v. Cruzado-Laureano, 527 F.3d 231, 235 (1st Cir. 2008) (quoting United States v. Ticchiarelli, 171 F.3d 24, 32 (1st Cir. 1999)).

However, the rule is not ironclad.  The First Circuit has left open the possibility for reopening an already-decided matter in one of three circumstances: (1) where there has been a dramatic change in controlling legal authority; (2) where there is significant new evidence not earlier obtainable in the exercise of due diligence; or (3) where there was a blatant error in the prior decision which would, if uncorrected, result in a serious injustice.  United States v. Bell, 988 F.2d 247, 251 (1st Cir. 1993) (citations omitted).  Here, there has been no dramatic change in the law, and there is nothing new that could not have been presented at the initial sentencing.  The only question for the Court, then, is whether there is a blatant error in the prior decision that would, if uncorrected, "result in a serious injustice."  Id.

**2.   The Statutory Question**

Under the ACCA, a person qualifies as an armed career criminal only if he "has three previous convictions . . . for a violent felony or a serious drug offense, or both."[1]  18 U.S.C. § 924(e)(1).  A "violent felony" is a violent "crime punishable by imprisonment for a term exceeding one year."  Id. § 924(e)(2)(B).  18 U.S.C. § 921(a)(20) defines the term "crime punishable by imprisonment for a term exceeding one year" and provides in pertinent part:

> What constitutes a conviction of such a crime shall be determined in accordance with the law of the jurisdiction in which the proceedings were held.  Any conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of this chapter, unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms.

Id. § 921(a)(20).

Mass. Gen. Laws ch. 20, § 21, encaptioned "Effect of commitment on application for public service; discharge; restoration of civil rights; records; inspection; consent; evidence in other proceedings", provides:

> Commitment to the care of the department [of Youth Services] of a delinquent child or youthful offender shall not operate to disqualify said child in any future examination, appointment or application for public service under the government either of

---

[1] Under the ACCA, "convictions . . . for a violent felony" include juvenile adjudications involving violent felonies.  18 U.S.C. § 924(e)(2)(C).

3

> the commonwealth or any political subdivision thereof.
>
> Whenever a person committed to the department [of Youth Services] by a court upon conviction of a crime <u>is discharged from its control such discharge shall, when so ordered by the department, restore such person to all civil rights and shall have the effect of setting aside the conviction</u>. The conviction of such a person shall not operate to disqualify him for any future examination, appointment or application for public service under the government either of the commonwealth or of any political subdivision thereof.
>
> The records of commitment to the department shall be withheld from public inspection except with the consent of the department, but such records concerning any child who at the time of commitment was between seven and seventeen years of age shall be open, at all reasonable times, to the inspection of the child, his or her parent or parents, guardian or attorney, or any of them. <u>A commitment to the department shall not be received in evidence or used in any way in any proceeding in any court except in subsequent proceedings for waywardness or delinquency against the same child, and except in imposing sentence in any criminal proceeding against the same person</u>.

Mass. Gen. Laws ch. 20, § 21 (emphasis added).

Defendant argues that his adjudication as a juvenile delinquent was "set aside" as a matter of state law when he was discharged from the Department of Youth Services. Defendant relies heavily on <u>United States v. Fernandez</u>, 390 F. Supp. 2d 277, 280 (S.D.N.Y. 2005), which held that a New York youthful offender adjudication that had been "set aside" under operation of New York law could not be used as a predicate offense for an ACCA sentence. <u>See also</u> <u>United States v. Parnell</u>, 524 F.3d 166,

4

169 (2d Cir. 2008) (assuming, without deciding, that Fernandez is correct).  Significantly, New York state courts do not use juvenile offender adjudications as predicates for enhanced sentencing under state law.  See United States v. Sampson, 385 F.3d 183, 194-95 (2d Cir. 2004); United States v. Matthews, 205 F.3d 544, 548 (2d Cir. 2000).

As the government points out, though, Massachusetts law differs from New York law.  While Mass. Gen. Laws ch. 20, § 21 sets aside a conviction, the statute goes on to state that the conviction can be used "in imposing sentence in any criminal proceeding against the same person."[2]  Mass. Gen. Laws ch. 20, § 21.  Unlike New York law, under Massachusetts state law, a juvenile adjudication can be used as a predicate for the Massachusetts Armed Career Criminal statute.  See, e.g., Commonwealth v. Foreman, 830 N.E.2d 219, 220-21 (Mass. App. Ct. 2005).  Thus, the conviction is set aside for some purposes (like future public service), but not for others (like future criminal sentencing).

Section 921(a)(20) states that what "constitutes a conviction of such a crime shall be determined in accordance with the law of the jurisdiction in which the proceedings were held."  18 U.S.C. § 921(a)(20).  As such, whether the adjudication of delinquency for a violent crime counts as a conviction hinges on the Massachusetts definition of conviction.  While the interplay

---

[2] By agreement of the parties, the "unless" clause in § 921(a)(20) does not apply because of the timing of the juvenile offense.

between the federal ACCA and the state statute is not crystal clear, the better reading of the statutes is that the juvenile adjudication has not been set aside for purposes of the federal ACCA.  In any event, this reading is not blatantly wrong.  The Court will not reopen the issue.

### 3. Procedural Adequacy

Defendant has also challenged the adequacy of the procedure followed in adjudicating him a juvenile delinquent.  This issue was not raised during the first sentencing or on appeal.  Unfortunately, the record of the delinquency proceeding has been lost.  Defendant swears he did not admit to the facts supporting the juvenile adjudication.  (Ellis Aff. [Docket No. 111-3] ¶¶ 2-3.)  Indeed, he claims (implausibly) that the only question the judge asked him was how he was doing.  (Id. at ¶ 2.)  Because of this dispute, the resentencing was delayed so that defendant could go back to state court.  He filed a motion for a new trial that was heard and denied by the judge who initially handled the matter.  The juvenile judge's recollection of his usual practices at the time indicates that defendant likely admitted to facts sufficient for an adjudication of delinquency for assault and battery with a dangerous weapon.  (Rudnicki Aff. [Docket No. 124-2] ¶ 2.)  The matter is now on appeal.  Should the adjudication be vacated, counsel can return for new sentencing.  The Court has addressed the other issues raised by the parties at the hearing and relies on the reasons stated in the transcript.

### CONCLUSION

For the foregoing reasons, the Court concludes that the defendant's juvenile adjudication qualifies as an armed career criminal predicate and thus using it as such at sentencing does not constitute a blatant error.

                                               **S/PATTI B. SARIS**
                                               United States District Judge