UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ANDRE ELLIS,
        Petitioner,

v.

UNITED STATES OF AMERICA,
        Respondent.

Civil No. 14-10131-PBS

Criminal No. 03-10054-PBS

**MEMORANDUM AND ORDER**

April 3, 2014

Saris, U.S.D.J.

    Pursuant to 28 U.S.C. § 2255, pro se petitioner Andre Ellis seeks to vacate his conviction for possession of a firearm by a felon. Petitioner alleges that his juvenile adjudication of assault and battery with a dangerous weapon, Mass. Gen. Laws ch. 265, § 15A, should not have been counted as an armed career criminal predicate, relying on the Supreme Court's recent decision in Descamps v. United States, 133 S.Ct. 2276 (2013).

    Ellis previously filed a § 2255 motion to vacate on June 23, 2011, alleging that he did not qualify for enhanced sentencing under the Armed Career Criminal Act, 18 U.S.C. § 924(e), and alleging ineffective assistance of counsel (Docket No. 146). This Court denied his 2011 motion on February 10, 2012 (Docket No. 160). This is Ellis's second habeas petition.

    Before filing a second or successive petition pursuant to §

2255, a federal petitioner must first seek certification of his petition from the pertinent court of appeals. 28 U.S.C. § 2255(h) (incorporating by reference 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.")). As summarized by the First Circuit, the Antiterrorism and Effective Death Penalty Act's "prior approval provision allocates subject-matter jurisdiction to the court of appeals by stripping the district court of jurisdiction over a second or successive habeas petition unless and until the court of appeals has decreed that it may go forward." Pratt v. United States, 129 F.3d 54, 57 (1st Cir. 1997). When presented with an unapproved second or successive petition, this Court must either dismiss it or, if it is in the interests of justice, transfer it to the First Circuit. Trenkler v. United States, 536 F.3d 85, 98 (1st Cir. 2008).

The petitioner has not obtained the First Circuit's permission to file this second habeas petition. Consequently, the petitioner's motion to vacate (Docket No. 204) is **TRANSFERRED** to the United States Court of Appeals for the First Circuit.

/s/ PATTI B. SARIS  
Patti B. Saris  
Chief United States District Judge