UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ANDRE ELLIS                        )
      Movant,                  )
                            )   Civil Action No. 15-10054-PBS
      v.                       )   (C.R. No. 03-10054-PBS)
                            )
UNITED STATES OF AMERICA,           )
      Respondent.              )

MEMORANDUM AND ORDER
December 1, 2015

SARIS, C.D.J.

Now before the Court are several pro se motions filed by Andre Ellis, who is currently serving a 240-month sentence at the Federal Correctional Institution in Danbury, Connecticut.

For the reasons set forth below, the Court denies Ellis' Petition for Writ of Error Coram Nobis (Docket No. 230), Motion to Correct Clerical Error (Docket No. 231), and Motion to Render Judgment Void (Docket No. 232).  A separate Service Order shall issue directing the clerk to serve Ellis' Section 2255 motion.

INTRODUCTION

After jury trial, Ellis was convicted in 2003 for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and for using or carrying a firearm during the commission of a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A).  One of the prior convictions used for purposes of Ellis' sentence enhancement under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), was a juvenile adjudication for assault and battery with a dangerous weapon.

Ellis was originally sentenced to 322 months, and in 2007

was resentenced to 240 months imprisonment after a 2006 post-
Booker remand from the First Circuit.  See Docket No. 104.

On June 25, 2015, Ellis filed a pro se Petition for Writ of
Error Coram Nobis (Docket No. 230) arguing that his sentence
exceeds the statutory maximum and seeking to have this Court
grant his motion to prevent a fundamental miscarriage of justice.

Ellis' Petition for Writ of Error Coram Nobis was filed on
June 25, 2015, which is one day before the Supreme Court decided
Johnson v. United States, --- U.S. ----, 135 S.Ct. 2551 (June 26,
2015).  In July, Ellis filed the following two pro se motions
based, in part, on Johnson: (1) Motion to Render Judgment Void
(Docket No. 232) and (2) Motion to Correct Clerical Error (Docket
No. 231).

On November 9, 2015, Ellis filed a pro se Motion Under 28
U.S.C. § 2255[1] to Vacate, Set Aside, or Correct Sentence by a
Person in Federal Custody (Docket No. 234), having received
permission to file a second or successive motion from the United
States Court of Appeals for the First Circuit in light of the new
constitutional rule announced in Johnson.  See Docket No. 233.

## DISCUSSION

In Johnson, the Supreme Court held that held that imposing

---

[1]While the Section 2255 motion was filed in C.R. No. 03-
10054-PBS and assigned Docket No. 234, the Clerk's Office opened
this Section 2255 matter as a new civil case for administrative
purposes.

an enhanced sentence under the residual clause of the ACCA —
which provides that a felony that "involves conduct that presents
a serious potential risk of physical injury to another" should be
treated as a "violent felony" — violates the Constitution's
guarantee of due process.  Ellis' juvenile adjudication for
assault and battery with a dangerous weapon is not one of the
four enumerated offenses which constitutes a "violent felony"
under the ACCA and it appears to fall under the residual clause.
See Johnson, 135 S.Ct. 2555-56.

Because Ellis may be entitled to Section 2255 relief, a
separate Service Order shall issue directing the clerk to serve
the motion and the government to file a response.  Because of
this, Ellis' petition seeking coram nobis relief fails because it
is not available where other remedies exist, such as a motion to
vacate under Section 2255.  See Tavares v. Massachusetts, 59 F.
Sup. 2d 152, 155 (D. Mass. 1999).

In light of Ellis' pending Section 2255 Motion, the Court
denies as moot the Motion to Correct Clerical Error (Docket No.
231) and Motion to Render Judgment Void (Docket No. 232).

ORDER

Based upon the foregoing, it is hereby Ordered that:

1.   The Petition for Writ of Error Coram Nobis (Docket No.
     230), the Motion to Correct Clerical Error (Docket No.
     231) and the Motion to Render Judgment Void (Docket No.
     232) are denied as moot in light of the pending Section
     2255 Motion; and

2.    The Clerk of this Court shall issue a separate Service
      Order directing the clerk to serve the Section 2255
      Motion and the government to file a response.


SO ORDERED.

/s/ Patti B. Saris
PATTI B. SARIS
CHIEF, UNITED STATES DISTRICT JUDGE